IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | CRIMINAL ACTION NO. 08-0067-CG-N |
| v. | ) | |
| | ) | CIVIL ACTION NO. 11-0216-CG-N |
| PAUL ANTONIO BURKE, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | |

REPORT & RECOMMENDATION

Defendant Paul Antonio Burke filed a Motion to Vacate, Set Aside or Correct Sentence (doc. 88) on April 27, 2011.[1] The government thereafter filed its Response and Motion to Dismiss (doc. 91), to which defendant responded (doc. 106) and the government replied (doc. 107). This matter has been referred to the undersigned pursuant to 28 U.S.C. 636 and Local Rule 72.1(c). Upon review of the filings, it is hereby RECOMMENDED that the government's Motion be GRANTED and that petitioner's habeas petition be denied.

Background

Defendant was indicted (doc 1) on two counts of possession with intent to distribute crack cocaine. Pursuant to a written plea agreement (doc. 46), defendant pleaded guilty (doc. 50) to one count of possession with intent to distribute crack cocaine, and was sentenced (doc. 80) to a term of imprisonment of 108 months[2], a supervised release term of six years and a special assessment of $100. The plea agreement included a provision that, in return for substantial

---

[1] The petition, signed April 21, 2010, states that defendant intended to place it in the prison mail system on April 22, 2010.

[2] At the sentencing hearing the government recommended that the defendant be sentenced at the low end of the advisory guidelines.

1

assistance, which "decision [is] specifically reserved by the United States in the exercise or its sole discretion" (doc. 46 at 7), the government agrees to move for a downward departure pursuant to either U.S.S.G. § 5k1.1 or Fed.R.Crim.P. 35.

Judgment was entered on February 11, 2009. Defendant filed a Notice of Non-Appeal (doc. 79) the same day. As he did not appeal his conviction or sentence, the judgment became final on February 11, 2009, the day he filed the notice or, at the latest, when the time for appeal ran on February 26, 2009. Fed.R.App.P. 4(b)(1) (2009 version).

Defendant filed two post-judgment motions (docs. 81, 83) requesting modification of his sentence on the basis of the substantial assistance provision of his plea agreement. The first was a Motion to Modify Term of Imprisonment (doc. 81), filed on May 17, 2010, and denied (doc. 82) on June 22, 2010. The second was a Motion to Compel (doc. 8) the government to file the substantial assistance motion; that motion was filed on December 20, 2010, and denied (doc. 85) on January 28, 2011.[3]

Defendant's habeas motion was filed approximately 26 months after his conviction and sentence became final. It contains three grounds, at least two of which appear clearly to be based on the failure of the government to file a motion for reduction of sentence based on substantial assistance. The government's Motion to Dismiss raises the one-year statute of limitations, 28 U.S.C. § 2255(f), and the court's lack of jurisdiction over defendant's challenge to the government's failure to seek a downward departure.

---

[3] The undersigned notes that even had these motions been properly filed such that they would have tolled the running of the statute of limitations *see* 28 U.S.C. § 2244(d)(2) (tolling during pendency of "properly filed" motion for state post-judgment relief or other collateral review), the motions were pending for a total of two-and-one-half months of the 26 months since the judgment became final and could not render timely the habeas petition.

Legal Standard

*Habeas*

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." U.S. v. Frady, 456 U.S. 152, 165 (1982). A defendant who has exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. U.S. v. Addonizio, 442 U.S. 178, 185 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. U.S., 598 F.2d 439, 441 (5th Cir. 1979).

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises. First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted). A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent. Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." Cross v. U.S., 893 F.2d 1287, 1289 (11th Cir. 1990). Jurisdictional issues, however, are not subject to procedural default because federal courts are of limited jurisdiction and the parties

3

cannot by waiver or default confer a jurisdictional foundation that is otherwise lacking. Harris v. U.S., 149 F.3d 1304, 1306 (11th Cir. 1998).

*Jurisdiction over Claims*

The Eleventh Circuit has addressed the issue of whether the district court has jurisdiction to entertain a claim for relief based on the government's failure to file a Rule 35 motion. *See* U.S. v. Morales, 239 Fed.Appx. 533, 535 (11th Cir. 2007). The Court opined, in pertinent:

> If the defendant alleges and makes a threshold showing that the government's refusal to file a substantial-assistance motion was a breach of a plea agreement, an evidentiary hearing and relief may be appropriate. United States v. Gonsalves, 121 F.3d 1416, 1419-20 (11th Cir. 1997). However, where a plea agreement states only that the government will file a Rule 35 motion if, in its "sole" discretion, the defendant's cooperation qualifies as substantial assistance, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. See [U.S. v. ]Forney, 9 F.3d [1492] at 1500-02 & n. 2 [(11th Cir. 1993)].

239 Fed. Appx. at 535.

*Statute of Limitations*

A petitioner has a one-year period in which to file a motion to vacate, set aside or correct sentence, which--

shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Eleventh Circuit has held that

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). *See also* Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'...[g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, as a general rule in the Eleventh Circuit, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002). To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Laurence v. Florida, 549 U.S. 327, 336 (2007), *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland, 539 F.3d at 1338.

In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), the Eleventh Circuit stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both **beyond his control and unavoidable even with**

**diligence**." (emphasis added); *see* Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002) (same). Equitable tolling is an extraordinary remedy that is reserved for exceptional circumstances and typically applied sparingly. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (*citing* Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).). Petitioner bears the burden of showing that equitable tolling is appropriate under the particular facts of his case. Drew, at 1286. Conclusory allegations may be deemed insufficient to support an equitable tolling claim. Id. at 1292-93 (holding that district court did not abuse its discretion by denying evidentiary hearing on equitable tolling where petitioner's equitable claim rested on conclusory allegations without supporting evidence).

## Claims

1) Defendant asserts that his assistance led to the arrest of three correctional officers, all of whom pleaded guilty, but government did not file downward departure motion. Only one of the officers is identified.

2) Breach of contract. Postponed sentencing several times to allow cooperation, but government did not file downward departure motion.

3) Violation of right to due process. Government falsely claims that defendant breached the plea agreement, but did not allow an evidentiary hearing or judicial determination on that issue.

## Analysis

The government seeks dismissal on two bases: first, that petitioner's habeas motion is untimely and is thus barred by the one-year limitations period of AEDPA, 28 U.S.C. § 2244(d)(1); and second, that the court lacks jurisdiction over petitioner's claims. Petitioner responds concerning the limitations argument only, arguing, in sum, that the government's failure to file a motion for downward departure is an ongoing breach of the plea agreement and that the limitations period applicable to his claims thus has not expired.

The first two of petitioner's claims clearly challenge the government's failure to file a motion for downward departure in alleged breach of its agreement. The government argues that petitioner has failed to make a "threshold showing" of breach of the plea agreement, because he only identifies one of the three correctional officers against whom he allegedly provided substantial assistance. The government further argues that, in the absence of details concerning the prosecutions, the record lacks sufficient information to determine the dates relevant to petitioner's argument on the statute of limitations.

Rule 35 of the Federal Rules of Criminal Procedure provides, in sum, that, after a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on that defendant's substantial assistance. Fed.R.Crim.P. 35(b)(2). The Eleventh Circuit Court of Appeals has held that the government has " 'a power, not a duty, to file a motion when a defendant has substantially assisted.' " United States v. Forney, 9 F.3d 1492, 1500 (11th Cir.1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)). If the defendant alleges and makes a threshold showing that the government's refusal to file a substantial-assistance motion was a breach of a plea agreement, an evidentiary hearing and relief may be appropriate. United States v. Gonsalves, 121 F.3d 1416, 1419-20 (11th Cir.1997). However, where a plea agreement states only that the government will file a Rule 35 motion if, in its "sole" discretion, the defendant's cooperation qualifies as substantial assistance, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. *See* Forney, 9 F.3d at 1500-02 & n. 2. The plea agreement entered into between petitioner and the government "states only that the government will file a Rule 35 if, in its 'sole' discretion, the defendant's cooperation qualifies as substantial

7

assistance". (S*ee* doc. 46)[4] Thus, under clearly established law, this court is without jurisdiction over plaintiff's first two claims.

Petitioner's third claim does not mention the government's failure to file a substantial assistance motion, but it appears likely that it nonetheless forms the basis for the claim. Though the pleadings are not adequately clear on this point to allow the court to make such an assumption, what is clear is that *either* petitioner's third claim is based on the substantial assistance issue *or* it is not. If it is, the court lacks jurisdiction over his third claim, as well, for the reasons set forth above. If, however, petitioner's third claim is construed to raise a due process claim based on another source of damage, such as a reputational injury, petitioner's third claim would be barred by the statute of limitations.

Petitioner's sole argument in response to the government concerning the running of the limitations period, while somewhat unclear, is based on his assertion that the government continues to fail to make a substantial assistance motion, so it should be considered a continuing breach.[5] The statute under which this action is brought, 28 U.S.C. § 2255, expressly identifies the beginning date for the limitations period.

---

[4] The pertinent portion of the plea agreement states:

"If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, **a decision specifically reserved by the United States in the exercise of its sole discretion,** then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation. **The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance."** (Doc. 46 at p. 7) (emphasis added)

[5] Petitioner characterizes this as an equitable tolling argument, but as noted above, even if the two post-judgment motions tolled the limitations period, the combined two-and-one-half months that the
(Continued)

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court …; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The petitioner's novel theory, that until he gets what he wants, the limitations period does not begin to run, finds no place among this exclusive list. Petitioner's argument is without merit and does not serve to delay the beginning of the limitations period applicable to this habeas petition.

Petitioner offers no other argument, and there is no arguable basis presented to find that any claim other than one relating to the failure to make a substantial assistance motion would be timely. Thus, to the extent, if any, that petitioner's third claim can be read other than as based on the government's failure to file such a motion, the delay in bringing the claim for over two years from the entry of the judgment renders such claim untimely under the one-year statute of limitations.

Certificate of Appealability/In Forma Pauperis

Pursuant to the changes to Rule 11 of the Rules Governing Section 2255 Proceedings which became effective December 1, 2009, the court addresses the appealability of the

---

motions were pending is insufficient to bring petitioner's delay within the one-year limitations period. Further, petitioner fails to identify any extraordinary circumstances that would warrant equitable tolling.

recommended denial of plaintiff's habeas petition. "A [COA] may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (*quoting* Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

In the undersigned's view, petitioner's arguments seeking to excuse the untimeliness of his petition are without any potential merit. The petitioner's continuing violation theory is excluded by the explicit text of 28 U.S.C. 2255. This determination is not such that jurists of reason could disagree nor are the issues presented adequate to deserve encouragement to proceed further.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D.Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in*

*forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

<u>Conclusion</u>

For the foregoing reasons, it is hereby RECOMMENDED that the government's Motion to Dismiss be GRANTED and that petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be DISMISSED. It is further RECOMMENDED that the court deny petitioner a certificate of appealability and leave to appeal an order based on this Report and Recommendation *in forma pauperis*.

***See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE and ORDERED this the 24th day of August, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. ' 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE