IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | CRIMINAL ACTION NO. 08-0067-CG-N |
| v. | ) | |
| | ) | CIVIL ACTION NO. 11-0216-CG-N |
| PAUL ANTONIO BURKE, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | |

REPORT AND RECOMMENDATION

Petitioner Paul Antonio Burke filed a Motion to Vacate, Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 136) on May 29, 2012. This matter has been referred to the undersigned pursuant to 28 U.S.C. 636 and Local Rule 72.2(c)(4). Upon consideration of the motion, it is the recommendation of the undersigned that the petition be dismissed.

Petitioner initially filed a motion to set aside or vacate his conviction on April 27, 2011. (Doc. 88) In response the government moved to dismiss on the grounds, in sum, that the petition was untimely and this court lacked jurisdiction over the claims. (Doc. 91) After briefing was completed the undersigned entered a report and recommendation that the habeas petition be dismissed. (Doc. 110) The recommendation was adopted by the district judge on September 16, 2011. (Docs. 113, 114) On May 29, 2012 petitioner filed the instant habeas petition, which is a second or successive motion. (Doc. 136)

"A second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255. The petitioner must seek and obtain this certification "[b]efore a second or successive application ... is filed in the district court...." Id. § 2244(b)(3)(A). "Failure to petition [the court of appeals] for permission to file a

successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." Lazo v. United States, 314 F.3d 571, 574 (11th Cir. 2002), vacated on other grounds, Gonzalez v. Secretary, 326 F.3d 1175 (11th Cir. 2003), *superseding opinion*, 366 F.3d 1253 (11th Cir. 2004) (*en banc*); *accord* Section 2255 Rule 4(b)(when the motion on its face reflects "that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal").

Petitioner has not satisfied the preconditions for filing such a second or successive petition for relief under § 2255. Accordingly, it is the Recommendation of the undersigned that the court dismiss Burke's most recent § 2255 (doc. 136) petition without prejudice as a second or successive petition.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 6th day of June 2012.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

              /s/Katherine P. Nelson
              **UNITED STATES MAGISTRATE JUDGE**